**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1170

ENCOMPASS HEALTH REHABILITATION HOSPITAL OF CHARLESTON, LLC,

Plaintiff - Appellant,

v.

ROBERT F. KENNEDY, JR., Secretary of the United States Department of Health and Human Services,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:22-cv-04171-DCN)

Submitted: April 29, 2026                    Decided: June 23, 2026

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Adam L. Bird, CALHOUN BHELLA & SECHREST LLP, Washington, D.C., for Appellant. Yaakov M. Roth, Acting Assistant Attorney General, Michael S. Raab, Ashley C. Honold, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Bryan P. Stirling, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denied payment four times through successive levels of administrative review for inpatient rehabilitation care it furnished to two Medicare beneficiaries, Encompass Health Rehabilitation Hospital of Charleston, LLC, requested the Medicare Appeals Council review two decisions issued by administrative law judges denying its claims. Finding Encompass Health insufficiently identified and explained its challenges to these decisions, the Council adopted the administrative law judges' decisions after determining there were no clear legal errors. Encompass Health then sought judicial review in district court, and the district court granted summary judgment to the Secretary of Health and Human Services. For the reasons set out below, we affirm.

Encompass Health makes two arguments on appeal.* First, it contends the district court erred in finding its requests for review before the Council didn't satisfy the requirements of 42 C.F.R. § 405.1112(b). Section 405.1112(b) specifies a "request for review must identify the parts of the ALJ's . . . action with which the party requesting review disagrees and explain why he or she disagrees with the ALJ's . . . decision." 42 C.F.R. § 405.1112(b) (2020). According to Encompass Health, it was enough to say only that the beneficiaries met coverage criteria, that the administrative law judges didn't account for all information in the record and that it reserved the right to file supplemental briefing. The Secretary responds that it wasn't.

---

* We review de novo the district court's summary-judgment decision. *Pleasant Valley Hosp., Inc. v. Shalala*, 32 F.3d 67, 69 (4th Cir. 1994). "The Secretary's decision should be affirmed where supported by substantial evidence and not arbitrary, capricious, or otherwise contrary to law." *Id.* at 70 (citation modified).

We agree with the Secretary. The regulation requires parties to describe with particularity the aspects of the administrative law judge's decision with which they disagree, and the explanations they give for their challenges must be similarly specific. *See* § 405.1112(b); Medicare Program: Changes to the Medicare Claims Appeal Procedures, 67 Fed. Reg. 69312, 69335–36 (Nov. 15, 2002); *accord Rehab. Hosp. of Phenix City, LLC v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, No. 25-10017, 2025 WL 2216616, at *1–2 (11th Cir. Aug. 5, 2025) (per curiam). Encompass Health's requests for review don't come close to meeting § 1112(b)'s standard. *See* § 405.1112(b) (providing, "[f]or example, if the party requesting review believes that the ALJ's . . . action is inconsistent with a statute, regulation, CMS Ruling, or other authority, the request for review should explain why the appellant believes the action is inconsistent with that authority").

Second, Encompass Health argues the Council acted arbitrarily and capriciously by treating it differently than the Council did other appellants who violated § 405.1112(b). The Secretary responds that Encompass Health waived this claim by not asserting it in its complaint and that, alternatively, the Council did not engage in differential treatment.

Even assuming Encompass Health didn't waive this claim, its argument collapses on the merits. The two decisions Encompass Health says show an unexplained inconsistency in the Council's decision-making are distinguishable. It's true that in *In re Jefferson Surgical Clinic, Inc.*, No. M-11-1480, 2012 WL 4760802 (H.H.S. Sep. 4, 2012), the Council modified the administrative law judge's decision after finding the appellant's request for review deficient. *Id.* at *2–4, *2 n.3. But here, the Council didn't perceive a need to modify either decision. And in *In re All Care Home Health*, No. M-11-2187, 2013

3

WL 7872031 (H.H.S. Apr. 16, 2013), the Council did just what it did here. *See generally id.* (pointing out problems in appellants' requests for review, describing background of each claim and adopting administrative law judges' decisions without further comment). *Accord Rehab. Hosp.*, 2025 WL 2216616, at *3.

Accordingly, we see no error in the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*